## (October 28, 1940.)

In the Matter of the Application of JAMES JOSEPH CONNELL and Another, Respondents, for an Order Striking Out as Invalid and Void a Petition to Nominate MAX BEDACHT and Others for Presidential Electors; ISRAEL AMTER for United States Senator; ELIZABETH GURLEY FLYNN and FRANK HERRON for Representatives at Large, as Candidates Designated by the Communist Party, Appellants, etc.— [Affd., 284 N. Y. 164.] This proceeding under the summary powers granted by section 330 of the Election Law to the Supreme Court is to determine the legality of the nominating petitions for Presidential Electors, United States Senator and Representatives-at-Large of the Communist party. The petitioners purport to have more than fifty electors in each county of the State and more than 40,000 in the entire State. Objections were filed. (Election Law, § 142.) The Special Term (Murray, J.) has determined that of the 211 signatures purporting to be those of the electors in Franklin county, five are non-resident of that county; four did not register and " the signatures of 185 of the persons appearing as signers on said nominating petition were obtained in said county of Franklin by fraud, misrepresentation, and concealment as to the purport of said petition, and the signatures appearing on said petition were obtained in an illegal and fraudulent manner and through misrepresentation and concealment " and that less than fifty electors residing in the county of Franklin have signed the petition. That of the 200 signatures purporting to be those of electors residing in Greene county, nine were not registered, one had been convicted of a felony, one did not properly state his residence, four names were written by others than the purported signatories, two were under twenty-one years of age and 154 signatures were obtained

by fraud, misrepresentation and concealment and that there were not fifty petitioners who are qualified electors residing in Greene county. Order affirmed, without costs. Bliss, Schenck and Foster, JJ., concur, upon the following grounds: The findings of the Special Term as to fraud and misrepresentation in the obtaining of the electors' signatures are amply sustained by the evidence. (*Matter of Hylan*, 265 N. Y. 607.) Hill, P. J., and Crapser, J., dissent and vote to reverse and dismiss the proceeding upon the following grounds: The petitions plainly disclosed that they were for nominations by the Communist party. Two hundred eleven purported electors signed the petition in Franklin county; 185 thereof were declared illegal upon the ground that their signatures were obtained through fraud, misrepresentation and concealment. The latter determination is not sustained by the evidence. Sixty-one thereof filed an affidavit as follows: " That he placed his signature on the petition in behalf of the Communist party without his knowledge of the true reason for same or for the use to which such signature was to be placed; and that he has not or never has had any intention of supporting said Communist candidates or party. That he requests that his signature be removed and taken off from that petition of said Communist party." Sixty-six, as follows: " He states that he signed the above mentioned petition without knowing that it was a petition for the Communist party. That he is not a member of that party and is not in sympathy with its objects and that he demands that his name be stricken from the petition." These affidavits are an attempt by some 120 signatories to withdraw their signatures from the petition. There is no proof of fraud in the procurement of the petition. Of the 200 signatures in Greene county, twenty-nine are unquestioned. Of the 154 which are declared void for fraud, misrepresentation and concealment a great majority thereof are by common-law proof valid. The findings of fact made by the court below are insufficient in law to sustain the order appealed from.